# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE M. FOURNERAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-391-M |
| | ) |
| WISCONSIN LAW REVIEW, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Notice of Motion and Motion to Dismiss by Defendants Jim Doyle and the Board of Regents of the University of Wisconsin [docket no. 42] and Brief in Support of Motion to Dismiss Amended Complaint by Defendants Board of Regents of the University of Wisconsin and Governor Jim Doyle [docket no. 43], both filed September 15, 2009. On October 6, 2009, *pro se* plaintiff filed his response, and on October 16, 2009, defendants Jim Doyle and the Board of Regents of the University of Wisconsin filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   BACKGROUND[1]

From 1997 to 1998, plaintiff represented Richard Gossip in a first degree murder case in Oklahoma state court. He asked for and received $2,000 as compensation for representing Glossip. After a jury trial, Glossip was convicted of first degree murder. On appeal, Glossip raised twelve propositions of error, six of which were related to ineffective assistance of counsel. The Oklahoma Court of Criminal Appeals overturned Glossip's conviction solely on the ineffective assistance of counsel grounds without considering the remaining propositions of error.

---

[1]The background section is based on facts presented in plaintiff's First Amended Complaint.

In Spring 2006, the Wisconsin Law Review published Rodney Uphoff's article *Convicting the Innocent: Aberration Or Systematic Problem?* on the internet. Allegedly, Uphoff's article contained "intentional misrepresentations" about plaintiff's representation of Glossip in that it deviated on certain points from the Oklahoma Court of Criminal Appeals' opinion. Specifically, the article used the word "unscrupulous" in close proximity to plaintiff's name and stated that Glossip had paid plaintiff "a substantial sum of money," possibly as much as $50,000. Plaintiff also alleges that the article falsely used "Id." to imply that the source of its information was the Oklahoma Court of Criminal Appeals' opinion. In actuality, the Court never used the words "Wayne Fournerat" in connection with the terms "substantial sum of money," "...as much as $50,000," " from the civil suit," "unscrupulous" or "unethical."

Plaintiff alleges that he had been "stigmatized-plus" by the assertions in Uphoff's article. The misrepresentations in the article lead the reader to conclude that plaintiff acted with avarice, greed or other unscrupulous conduct in representing Glossip. The article implies that plaintiff stole Glossip's money by agreeing to represent Glossip and then failing to do the work necessary to represent him effectively. Plaintiff alleges that this implication has impaired his credibility and standing in the community, has resulted in a decline in business and a loss of past and future earnings, has deprived him of his vocation, has caused him mental anguish, suffering and personal humiliation, and has caused him loss of liberty.

Plaintiff appears to assert claims under 42 U.S.C. § 1986 for certain constitutional violations, *e.g.*, Due Process and Equal Protection, just compensation, "Bill of Pains and Penalties," Bill of Attainder, *Ex Parte Young* action against Defendants Board of Regents of the University of Wisconsin and Governor Jim Doyle. These defendants now move to dismiss plaintiff's claims

against them on four grounds: (1) the failure to make a short and plain statement of the claim, Rule 8(b)(2); (2) the lack of subject matter jurisdiction, Rule 12(b)(1); (3) the failure to state a claim upon which relief can be granted, Rule 12(b)(6); and (4) the lack of personal jurisdiction, Rule 12(b)(2).

II. LAW AND DISCUSSION

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Eleventh Amendment immunity bars damages actions against a state in federal court, even by its own citizens, unless the state waives that immunity." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).

Furthermore, "[t]he arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states." *Id*. (internal citation omitted). To determine whether an entity is an arm of the state:

> we engage in two general inquiries. [T]he court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state. Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing. The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury.

*Id*. (internal citation omitted). "[The Tenth Circuit has] recognized that under Oklahoma law, the Board of Regents of the University is an arm of the state and that a suit against the University is a suit against the Board of Regents." *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994). While the Tenth Circuit has not considered the issue of whether the Board of Regents is an arm of the State of Wisconsin, the Seventh Circuit and the Wisconsin Supreme Court

3

have held that the Board of Regents is an arm of the state for sovereign immunity purposes. *See Lister v. Bd. of Regents of the Univ. of the Wis. Sys.*, 240 N.W. 2d 610, 618 (Wis. 1976); *Joseph v. Bd. of Regents*, 432 F.3d 746, 748 (7th Cir. 2005).

Applying these principles to this case, this Court finds that defendant Board of Regents of the University of Wisconsin is an arm of the state. Because defendant Board of Regents is an arm of the state, the Court finds it is entitled to the same Eleventh Amendment immunity that the State of Wisconsin enjoys and immunity has not been waived. Therefore, the Court finds that it lacks jurisdiction over plaintiff's claim against defendant Board of Regents since this defendant is immune from suit in federal court.

Plaintiff also asserts a section 1986 claim against defendant Governor Jim Doyle. "Although citizens may not generally sue states in federal court under the Eleventh Amendment, the *Ex parte Young* doctrine has carved out an alternative, permitting citizens to seek prospective equitable relief for violations of federal law committed by state officials in their official capacities." *Lewis v. N.M. Dept. of Health*, 261 F.3d 970, 975 (10th Cir. 2001). To proceed against defendant Governor Jim Doyle, plaintiff must establish the following: (1) he is suing a state official rather than the state itself; (2) he has alleged a non-frivolous violation of federal law; (3) he seeks prospective equitable relief; and (4) the suit does not implicate special sovereignty interests. *Id*.

Having reviewed the parties' submissions, the Court concludes that plaintiff's claim does not meet the requirements of the *Ex parte Young* doctrine. Not only is it unclear what equitable relief plaintiff is seeking, but the Court also finds that the special sovereignty interests of the State of Wisconsin to have its governor haled into court in another state based upon a tangential connection to a footnote in an obscure article is improper. The Court, therefore, finds that defendant

4

Governor Jim Doyle is immune from suit under the Eleventh Amendment such that this Court lacks jurisdiction.

III. CONCLUSION

Accordingly, the Court GRANTS the instant motion to dismiss and DISMISSES plaintiff's claims against defendants Board of Regents of the University of Wisconsin and Governor Jim Doyle in their entirety.

**IT IS SO ORDERED this 10th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE