# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE M. FOURNERAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-391-M |
| ) | |
| WISCONSIN LAW REVIEW, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Dan Murdock's Motion to Dismiss the Plaintiff's First Amended Complaint and Brief in Support [docket no. 52], filed October 23, 2009. On November 17, 2009, plaintiff, who is proceeding *pro se*, filed his response. No reply was filed. Based upon the parties' submissions, the Court makes its determination.

I.  BACKGROUND

This action arises from a Wisconsin Law Review article written about plaintiff's representation of a death row inmate. The underlying case was reversed and remanded for a new trial by the Oklahoma Court of Criminal Appeals based upon plaintiff's ineffective assistance of counsel. As a result of this procedural posture, the article characterized plaintiff's representation as "unscrupulous", "unethical" and "amazingly inept".

Plaintiff asserts he was disbarred from the State of Oklahoma for the failure to pay bar dues and complete continuing legal education requirements. Defendant Dan Murdock, General Counsel of the Oklahoma Bar Association, allegedly failed to properly investigate the grievances against plaintiff. Specifically, plaintiff contends that defendant Dan Murdock escalated the penalty imposed on his disbarment by making false statements to news sources about this matter. Further, plaintiff argues this defendant did not prepare a formal complaint or initiate formal proceedings in

compliance with the bar association's rules for his alleged misconduct for the moral turpitude complained of in news sources.

Plaintiff asserts a claim against defendant Dan Murdock pursuant to 42 U.S.C. § 1983 as related to his disbarment. Defendant Dan Murdock now moves to dismiss the claim against him for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

II.  SECTION 1983 CLAIM

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. "To state a claim under §1983, [plaintiff] must allege that [he was] deprived of a right 'secured by the Constitution and laws' of the United States and that this deprivation was committed under color of state law." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005).

The Sixth Circuit has observed that the right to require a state bar to process a request for the investigation of lawyers is not a right guaranteed by the Constitution as follows:

> If the appellant has been denied the right of which he complains, his redress would be to have the District Court order the processing of the complaint by the State Bar. The ultimate that he might expect from this would be the disbarment of the accused lawyers. This might give him a certain amount of personal satisfaction but no material gain would result to him as a consequence of such action. It would not give him any judgment against the lawyers of whose misconduct he complains and whose actions caused him financial loss. Therefore, he has not been deprived of 'life, liberty, or

> property....
>
> Not only has he not suffered, according to the allegation of his complaint, any deprivation of a right under the Federal Constitution as a matter of fact, but legally no such right as he claims is guaranteed him by the Federal Constitution.
>
> License to practice law, the continuation of such license, regulation of the practice and the procedure for disbarment and discipline are all matters that are within the province of an individual state...
>
> We find no authority and none has been cited to us to support the appellant's contention that he has a right under the Federal Constitution to require the State Bar of Michigan to process his complaint. The regulation of the practice of law, including the procedure of disbarment and discipline of members of the profession, is a function of state government. Consequently, there has been no deprivation of right which would give rise to a cause of action under section 1983, Title 42 U.S.C.A.

*Saier v. State Bar of Mich.*, 293 F.2d 756, 759-60 (6th Cir. 1961).

Applying these principles to this case, the Court finds that plaintiff's § 1983 claim against defendant Dan Murdock for the failure to process a bar complaint must fail. Further, the Court finds that plaintiff's § 1983 claim as related to his disbarment may not be premised upon a constitutional violation. Thus, plaintiff cannot maintain a §1983 claim against defendant Dan Murdock.

III.     CONCLUSION

Accordingly, the Court GRANTS the instant motion to dismiss and DISMISSES plaintiff's claim against defendant Dan Murdock in its entirety.

**IT IS SO ORDERED this 10th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE